United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| James Garrey, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 03-10562-NMG |
| Sheila Kelley, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from the petition of James Garrey ("Garrey" or "petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is currently serving a life sentence that was imposed after he was convicted of first degree murder in 1999.

Garrey's petition was referred to United States Magistrate Judge Marianne B. Bowler for a Report and Recommendation ("R&R") on the merits. On April 30, 2020, Magistrate Judge Bowler entered a R&R recommending that this Court allow, in part, and deny, in part, respondent's request to deny the petition, finding that the decision of the Massachusetts Supreme Judicial Court ("SJC") on appeal was an unreasonable application of the

holding in Powers v. Ohio, 499 U.S. 400 (1991) but not contrary to or an unreasonable application of Batson v. Kentucky, 476 U.S. 79 (1986).  Both parties filed objections to the R&R.[1]

The magistrate judge also ordered the parties to file supplemental memoranda addressing whether harmless or structural error applied when a Powers error is committed in the absence of a Batson error.  Both parties subsequently filed memoranda addressing that issue.

On October 5, 2020, Magistrate Judge Bowler entered a second R&R recommending that the Court allow respondent's request to deny the petition and to dismiss the habeas petition.  Petitioner filed an objection to that R&R.

The facts and procedural history are provided in detail in the R&Rs with which the Court assumes familiarity.

I.      **Objections to the Report and Recommendations**

When a district judge refers a dispositive motion to a magistrate judge for recommended disposition, it must determine de novo any part of the magistrate judge's disposition to which

---

[1] The respondent's objection was filed by Timothy Hall, the former Superintendent of MCI Norfolk.  The current respondent is Sheila Kelley, the Superintendent of MCI Concord, where Garrey is incarcerated.

an objection has been properly registered. Fed. R. Civ. P. 72(b)(3).

There are two primary objections to address. First, respondent objected to the determination in the first R&R that the SJC's decision involved an unreasonable application of the holding in the Powers case. Second, although petitioner filed objections to both R&Rs, the Court will briefly address only his objection to the second R&R because he has withdrawn all of his asserted grounds for relief with the exception of his Batson challenge.

The respondent complains that Magistrate Judge Bowler did not afford appropriate deference to the SJC's view of the trial court record and erred in determining that the SJC unreasonably applied the holding in Powers that allows a criminal defendant to object to a Batson challenge even where the challenged juror and the defendant are not of the same race.

A reviewing federal habeas court "shall . . . presume[] to be correct" factual determinations made by a state court unless the petitioner can rebut that presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Cooper v. Bergeron, 778 F.3d 294, 296 (1st Cir. 2015). Furthermore, a habeas petition shall not be granted as to any claim adjudicated

on the merits in state court unless it resulted in a decision that was

> contrary to, or involved an unreasonable application of, clearly established Federal law [or was otherwise] based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

Although the magistrate judge concluded that the trial judge allowed the peremptory challenge because the petitioner, victims and witnesses were not of the same race as the challenged juror, the SJC's decision reveals a different view of the record.  The SJC specifically stated that the trial judge found the prosecutor's challenge legitimate "because the juror was engaged in a rehabilitative occupation" and observed that the fact that the petitioner and juror did not share the same race "was not dispositive of the issue," citing Powers. Commonwealth v. Garrey, 765 N.E.2d 725, 734 & n.2 (Mass. 2002). The SJC also characterized the trial judge's comment on the matter, i.e. when he noted that the petitioner, victims and witnesses were not members of a minority group, as merely "confirm[ing] his decision." Id. at 733.  For those reasons, the Court concludes that the SJC's factual findings were not unreasonable and the SJC did not unreasonably apply the holding of the Powers decision under the circumstances.

With respect to petitioner's objection, Garry vigorously asserts that the trial judge and SJC committed Batson errors which entitle him to habeas relief.  After consideration of Garrey's objection, the Court will accept the recommendation that the SJC's ruling was not contrary to or an unreasonable application of Batson.  Magistrate Judge Bowler completed a meticulous review of the record, the SJC's decision and the Batson three-step process for evaluating the constitutionality of peremptory challenges.  Her analysis carefully addressed and rejected arguments that Garrey again raises in his objection and, to the extent that he makes arguments not raised before, those claims are without merit.

Accordingly, Garrey is not entitled to relief and the petition for a writ of habeas corpus will be dismissed.

**ORDER**

For the foregoing reasons,

a) petitioner's objection to the first Report and Recommendation ("R&R") (Docket No. 96) is **OVERRULED**;

b) respondent's objection to the first R&R (Docket No. 92) is **SUSTAINED**;

c) the first R&R (Docket No. 84) is otherwise **ACCEPTED** and **ADOPTED**;

d)     petitioner's objection to the second R&R (Docket No. 118) is **OVERRULED;**

e)     the second R&R (Docket No. 101) is **ACCEPTED** and **ADOPTED**; and

f)     petitioner's habeas petition (Docket No. 1) is **DISMISSED.**

**So ordered.**

<u>/s/ Nathaniel M. Gorton</u><br>
Nathaniel M. Gorton<br>
United States District Judge

Dated February 25, 2021