**United States District Court**
**District of Massachusetts**

|  |  |
|---|---|
| ) | |
| James Garrey,                              ) | |
| ) | |
|          Petitioner,                       ) | |
| ) | |
|          v.                                ) | Civil Action No. |
| ) | 03-10562-NMG |
| Sheila Creaton Kelly,                      ) | |
| ) | |
|          Respondent.                       ) | |
| ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

On February 25, 2021, this Court dismissed the habeas petition of James Garrey ("Garrey" or "petitioner"). On March 23, 2021, the First Circuit Court of Appeals ("the First Circuit") directed this Court to issue or deny a certificate of appealability for his petition. The next day, petitioner filed a motion requesting the issuance of such a certificate. For the following reasons, this Court will allow, in part, and deny, in part, Garrey's motion.

## I.   Background

In April, 1999, Garrey was found guilty of murder in the first degree by a jury in the Massachusetts Superior Court for Norfolk County ("the Trial Court") and was sentenced to a mandatory term of life imprisonment.

-1-

Following his conviction, Garrey appealed directly to the Supreme Judicial Court of Massachusetts ("the SJC") pursuant to M.G.L. c. 278, § 33E, primarily contending that the Trial Court had erred in allowing the prosecutor's peremptory challenge of a minority juror and not rejecting the dismissal of that juror as requested by defendant.  In March, 2002, the SJC denied defendant's appeal and affirmed his conviction.

In March, 2003, petitioner filed in this court a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  His petition was referred to United States Magistrate Judge Marianne B. Bowler for a Report and Recommendation ("R&R") on the merits.  For more than 12 years a series of stays were entered to allow petitioner to exhaust his state court remedies.  In April, 2020, Magistrate Judge Bowler entered an R&R recommending that this Court allow, in part, and deny, in part, the government's request to deny the petition on the grounds that, although the SJC decision was an unreasonable application of the holding in Powers v. Ohio, 499 U.S. 400 (1991), it was not contrary to or an unreasonable application of Batson v. Kentucky, 476 U.S. 79 (1986).  In October, 2020, Magistrate Judge Bowler entered a second R&R recommending that the Court allow in full the government's request to dismiss the petition.  Petitioner filed objections to both R&Rs.

-2-

In February, 2021, this Court dismissed Garrey's § 2254 petition after accepting and adopting most of the recommendations of the magistrate judge.  In March, 2021, Garrey appealed the dismissal to the First Circuit after which the First Circuit directed this Court to issue or deny a certificate of appealability and Garrey moved for the issuance of such a certificate.

## II.  Certificate of Appealability

### A. Legal Standard

Section 2253(c) of Title 28 of the United States Code provides that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  In order to make a "substantial showing", a petitioner seeking a certificate of appealability must demonstrate that

> reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).  To meet the standard of debatable-among-jurists-of-reason the petitioner must prove "something more than the absence of frivolity or the existence of mere good faith." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003).

### B. Application

Garrey requests the issuance of a certificate of
appealability with respect to whether there was a violation of
Batson and Powers during the jury selection process in the Trial
Court.

He first contends that the purported Powers violation is
debatable among reasonable jurists, observing that this session
came to a different conclusion than Magistrate Judge Bowler on
that issue.  Although this session respectfully disagrees with
the magistrate judge's conclusion that the SJC unreasonably
applied the holding in Powers that a criminal defendant has
standing to object to a Batson challenge even though he is of a
different race than the juror, the disagreement between judicial
officers demonstrates that reasonable jurists can disagree as to
whether a Powers error was committed.

As to the purported Batson error, reasonable jurists would
not debate whether the SJC's ruling was a reasonable application
of Batson.  Both the SJC and Magistrate Judge Bowler carefully
considered the circumstances surrounding the subject peremptory
challenge and concluded that no Batson error had occurred.
After review of the record and the SJC's decision, this Court
agrees and is convinced that no reasonable jurist would come to
a different conclusion.  Accordingly, a certificate of

appealability will be denied with respect to the claim of a

Batson error.

**ORDER**

For the foregoing reasons, petitioner's motion for a

certificate of appealability (Docket No. 124) is, with respect

to the alleged Powers error, **ALLOWED**, but otherwise, **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 5, 2021